**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| AVANIR PHARMACEUTICALS, INC., AVANIR HOLDING COMPANY, and CENTER FOR NEUROLOGIC STUDY, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-704 (LPS) CONSOLIDATED |
| v. | ) ) | |
| ACTAVIS SOUTH ATLANTIC LLC and ACTAVIS, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)**

**WHEREAS**, the parties to the above-captioned action (the "Action") may seek discovery of documents, information or other materials that may contain trade secrets or other confidential research, development or commercial information of other parties or third parties;

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby **ORDERS** that:

1.      This Stipulated Protective Order (the "Order") shall govern the disclosure, production and use of information, documents and tangible things in connection with the Action.

2.      Any producing person, entity or third party ("producing party") may designate any information, document or tangible item to be disclosed and/or produced to any other person or entity ("receiving party") as DESIGNATED CONFIDENTIAL INFORMATION if:  (a) The producing party claims in good faith that such information, document or tangible item embodies, constitutes, contains, reveals, relates to, or reflects trade secrets, processes, operations, research,

technical or developmental information or apparatus, production, marketing, sales, shipments, or other proprietary or confidential trade secret, technical, business, financial, or personnel information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G); and (b) the producing party gives notice, as provided in this Order, that such information, document or tangible item comprises or contains DESIGNATED CONFIDENTIAL INFORMATION. Representative DESIGNATED CONFIDENTIAL INFORMATION may include, without limitation, documents produced in this Action, during discovery or otherwise; information of non-parties that the producing party is under an obligation to maintain in confidence; initial disclosures, answers to interrogatories, responses to requests for admission and other discovery responses; deposition or hearing transcripts; affidavits; exhibits; experts' reports; briefs and memoranda of law; tangible things or objects that are designated confidential pursuant to this Protective Order; and portions of any of the foregoing.  The information contained therein and all copies, abstracts, excerpts, summaries, analyses, notes or other writings that contain, reflect, reveal, or otherwise disclose such confidential information shall also be deemed "DESIGNATED CONFIDENTIAL INFORMATION."  DESIGNATED CONFIDENTIAL INFORMATION shall not include:

    (1)     information that was or is in the public domain at the time of disclosure, not in violation of this Order;

    (2)     information which after disclosure is published or becomes part of the public domain, through no fault of a person receiving information under this Order, but only after it is published or comes into the public domain not in violation of this Order;

(3)     information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations; or

(4)     information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure; or

(5)     information that is discovered independently by the receiving party by means that do not constitute a violation of this Order; or

(6)     information that was, is, or becomes expressly released from being designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL (as defined below), by the producing party or by order of the Court.

All information, documents or tangible items to be produced in tangible form that the producing party wishes to designate as DESIGNATED CONFIDENTIAL INFORMATION must, prior to production to the receiving party, be labeled by the producing party as either (1) "HIGHLY CONFIDENTIAL INFORMATION" or (2) "CONFIDENTIAL INFORMATION" based on the appropriate category described below:

(a)     "HIGHLY CONFIDENTIAL INFORMATION" may be used by a producing party only for highly sensitive information.  This presumptively includes but is not limited to customer, supplier, and distributor identities; agreements with suppliers, distributors, and customers; financial projections; sales volumes; pricing; costs; profit margins; financial-trade secrets; confidential regulatory filings and correspondence (e.g., NDAs and ANDAs); unpublished pending patent applications; confidential-formulation

information for existing or proposed products; research, development, testing, and studies relating to proposed or potential products or new indications; commercial planning and forecast documents; confidential documents discussing legal, regulatory, marketing or competitive strategies; and papers filed under seal in connection with any judicial or administrative proceeding other than the Action or subject to any other judicially or administratively accepted obligation of confidentiality.

(b)      "CONFIDENTIAL INFORMATION" may be used by a producing party for information that is not publicly known and which the producing party would not normally reveal to third parties, or if disclosed, would require such third parties to maintain in confidence.

(c)      When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection.  For purposes of the inspection, all documents shall be treated as containing HIGHLY CONFIDENTIAL INFORMATION.  After the receiving party selects specified documents for copying, the producing party shall mark the copies of the selected documents before they are provided to the receiving party.  All information to be disclosed orally (such as at a deposition) shall be automatically designated as HIGHLY CONFIDENTIAL INFORMATION for a period of thirty (30) days from the date the deposition transcript becomes available.  Thereafter, the information contained in the deposition transcript will no longer be deemed HIGHLY CONFIDENTIAL INFORMATION unless:  (1) in a writing sent to counsel for the receiving party before the expiration of the thirty-day period, counsel for the producing party claims in good faith that the deposition transcript (or a specified portion of it) contains DESIGNATED CONFIDENTIAL INFORMATION; or (2) at the deposition, counsel for the producing party stated on the record that certain portions of the deposition transcript contain DESIGNATED CONFIDENTIAL

INFORMATION.  At least the first page of any response to interrogatories, response to requests for admission, or report of an expert witness that constitutes or contains DESIGNATED CONFIDENTIAL INFORMATION shall be labeled or marked as either (1) "HIGHLY CONFIDENTIAL INFORMATION" or (2) "CONFIDENTIAL INFORMATION" based on the appropriate category when served on the receiving party.

       (d)       The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any DESIGNATED CONFIDENTIAL INFORMATION if said person or entity already has legitimate possession thereof.

       3.       Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number.  Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number.  All documents and tangible items produced in discovery shall also be labeled by the producing party with the legend HIGHLY CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION, or a suitable equivalent.

       4.       All DESIGNATED CONFIDENTIAL INFORMATION that is disclosed or produced in connection with the Action shall be maintained in strict confidence by the receiving party; shall be used solely in connection with the Action, subject to any further order of this Court regarding confidentiality; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

       5.       Access to HIGHLY CONFIDENTIAL INFORMATION and CONFIDENTIAL INFORMATION shall be strictly limited to the following persons, and in the following manner, except as otherwise provided in this Order:

(a)     Outside litigation counsel for the receiving party of record in the Action, and the staff of said outside counsel;

(b)     Up to one (1) in-house personnel of a party, who has responsibility for managing, evaluating or consulting with respect to this litigation, provided they have completed a Confidentiality Agreement in the form of Exhibit A (attached hereto).

(1)     When Avanir Pharmaceuticals, Inc. and Avanir Holding Company (collectively "Avanir") are the receiving parties, the in-house personnel shall be Monique Heyninck;

(2)     When the Center for Neurologic Study ("CNS") is the receiving party, the in-house personnel shall be Richard Smith;

(3)     When Actavis South Atlantic LLC and Actavis, Inc. (collectively "Actavis") are the receiving parties, the in-house personnel shall be Andrea Sweet for Actavis South Atlantic LLC and Jim Mahanna for Actavis Inc.;

(4)     When Par Pharmaceuticals, Inc. and Par Pharmaceutical Companies, Inc. (collectively "Par") are the receiving parties, the in-house personnel shall be David Silverstein;

(5)     When Impax Laboratories, Inc. ("Impax") is the receiving party, the in-house personnel shall be Huong Nguyen;

(6)     When Wockhardt USA, LLC and Wockhardt Ltd. (collectively "Wockhardt") are the receiving parties, the in-house personnel shall be Mandar Kodgule for Wockhardt Ltd. and Jerome Jabbour for Wockhardt USA;

(c)     Outside experts or consultants for the receiving party who are not (and shall not become) employees of a receiving party and who are retained in connection with the

disputes between or among the parties to this Action, and their supporting personnel, in the manner described in and consistent with paragraph 6, only to the extent necessary to carry out duties related to this Action; provided that the disclosure of DESIGNATED CONFIDENTIAL INFORMATION to any such expert or consultant shall be made only after:

(1)     Counsel desiring to disclose DESIGNATED CONFIDENTIAL INFORMATION to such an expert or consultant obtains a completed and signed undertaking in the form of Exhibit A attached hereto from the expert or consultant and forwards a copy of said completed and signed undertaking and the expert's or consultant's current *curriculum vitae* to counsel for the producing party, a list of each such expert or consultant's publications for the preceding ten (10) years, and a list of each such expert's or consultant's trial and/or deposition testimony given in the preceding four (4) years; and

(2)     Expiration of a period of seven (7) business days, commencing with the receipt by counsel for the producing party, by electronic or other means, of a copy of the expert's or consultant's completed and signed undertaking and the materials described in paragraph 5(c)(1), above.  During this period, counsel for the producing party may object in good faith to the disclosure of DESIGNATED CONFIDENTIAL INFORMATION to this expert or consultant for cause, *e.g.*, an identified conflict of interest.  In addition, if a party believes in good faith that it needs more information concerning the proposed expert or consultant to make a decision about whether to object, that party may request such additional information within seven (7) business days after receiving the copy of the signed declaration and the materials described in paragraph 5(c)(1), above.  If

counsel for the producing party fails to object to such disclosure or make such a request within the prescribed period, any objection or request to such disclosure shall be deemed waived, except as to a basis for objection or a request that was not known and could not reasonably have been discovered within said seven-day period.  In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of DESIGNATED CONFIDENTIAL INFORMATION to the expert or consultant until there is an express written agreement of the parties or order of this Court removing the objection.  If there is such a request for additional information, the deadline for the requesting party to object is either five (5) business days after the information is provided or five (5) business days after the producing party declines to provide the additional requested information.  The party opposing disclosure of the DESIGNATED CONFIDENTIAL INFORMATION to an expert or consultant may move the Court for an Order prohibiting the disclosure and shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this Action.

(d)     Non-technical jury or trial consultants, mock judges and/or jurors, graphics or design firms, copying vendors, and information technology consultants retained by outside counsel for the receiving party for the purpose of preparing, organizing, copying and otherwise using DESIGNATED CONFIDENTIAL INFORMATION for purposes solely related to the Action, including their supporting personnel;

(e)     Licensed court reporters and videographers employed in connection with this Action solely involved for the recordation and transcription of deposition or court proceedings or for like purposes at the request and consent of the parties;

(f)     Professional translators and interpreters who are retained by the attorneys for the parties for the purposes of this Action;

(g)     This Court and its authorized personnel; and

(h)     Any person agreed to in writing by the producing party.

For purposes of this paragraph, in the event that the producing party is Avanir or CNS, the "receiving party" shall include Actavis, Par, Impax, and Wockhardt, except where Avanir or CNS expressly notifies the recipient(s) that Avanir or CNS has made a limited production of DESIGNATED CONFIDENTIAL INFORMATION to less than all of the Defendants.

6.     The disclosure of HIGHLY CONFIDENTIAL INFORMATION is further subject to the following restrictions, which shall remain in effect for the duration of this action, including appeals:

(a)     The individuals who have received access to HIGHLY CONFIDENTIAL INFORMATION may not prepare any materials for patent prosecution of applications claiming or involving formulations of dextromethorphan hydrobromide/quinidine sulfate or presently existing methods of treatment with dextromethorphan hydrobromide/quinidine sulfate formulations.

(b)     The individuals who have received access to HIGHLY CONFIDENTIAL INFORMATION are not engaged in direct-oversight or final decision-making regarding sales, marketing, product commercialization, or financial projection with respect to any

dextromethorphan hydrobromide/quinidine sulfate product, other than as necessary for participation in negotiations to settle this Action or to resolve other issues related to this Action.

(c)     The individuals who have received access to HIGHLY CONFIDENTIAL INFORMATION may not directly participate in scientific experiments (e.g. clinical testing or laboratory work) relating to the development of any dextromethorphan hydrobromide/quinidine sulfate product.

(d)     These restrictions shall apply to individuals and not the organizations by which they are employed or affiliated, provided however that an appropriate ethical wall shall be established if others at the organization participate in such activities or prepare materials for such activities.

(e)     Nothing in the foregoing shall prohibit counsel with access to HIGHLY CONFIDENTIAL INFORMATION from advising their client about overall litigation strategy, including but not limited to the potential effects of this action on FDA approval, so long as no HIGHLY CONFIDENTIAL INFORMATION is disclosed.

7.     The parties agree to abide by Federal Rule of Civil Procedure 26(b)(4) with respect to the discovery scope and limits for testifying experts in this Action.  With respect to non-testifying experts, no discovery can be taken from any non-testifying expert except to the extent that non-testifying expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this Action.

8.     A party may change its designations, by providing written notice to all other parties.  Notice of the change of persons under this paragraph shall be provided not less than five (5) business days prior to the effective date of any such change.  Any party may object to such

change by a motion filed with the Court.  In the event such a motion is filed, any such change shall not become effective until the Court rules on any such motion.

9.      All documents of any nature, including briefs, which have been designated either as CONFIDENTIAL INFORMATION or as HIGHLY CONFIDENTIAL INFORMATION and which are filed with the Court, shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2005 (the "Procedures") which shall include filing a cover sheet through CM/ECF indicating that the document is being filed under seal.  All such documents so filed shall be released from confidential treatment by the District Court only upon further order of the Court.   In addition, documents designated either as CONFIDENTIAL INFORMATION or as HIGHLY CONFIDENTIAL INFORMATION shall be filed in hard copy with the Clerk's office as provided in Section (G)(l) of the Procedures and shall contain the following language, as appropriate, on the cover page:  "CONFIDENTIAL–FILED UNDER SEAL" or "HIGHLY CONFIDENTIAL–FILED UNDER SEAL."

10.     The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because that Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the provisions of Section (G) of the Procedures, including without limitation the provisions governing the filing of a copy of the Filing for public inspection within 5 business days.

11.     Upon the failure of the filing or lodging party to properly designate information, any party or third party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within 10 calendar days of

learning of the defective filing or lodging.  Notice of such designation shall be given to all parties in the Action.  Nothing in this provision relieves a party of liability for damages caused by failure to properly file DESIGNATED CONFIDENTIAL INFORMATION under seal.  The burden of proving that such information should be sealed shall at all times remain on the party which designated the information as DESIGNATED CONFIDENTIAL INFORMATION.

12.    DESIGNATED CONFIDENTIAL INFORMATION may only be used, relied upon and referred to in any testimony or other evidence presented at any trial, hearing or deposition in connection with this Action consistent with and under the terms of this Order, and subject to any further order of this Court regarding confidentiality, as follows:

(a)    If counsel for any party deems that any question or line of questioning calls for the disclosure of DESIGNATED CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions;

(b)    A party may examine, at a deposition, hearing or trial, persons who are authorized to receive DESIGNATED CONFIDENTIAL INFORMATION under the terms of this Order, to the extent that such persons are permitted access to such information under this Order, or as otherwise permitted by the Court;

(c)    To a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such DESIGNATED CONFIDENTIAL INFORMATION;

(d)    To a witness testifying under oath if (i) the witness was formerly an officer, director, or employee of the party who produced such DESIGNATED CONFIDENTIAL INFORMATION; (ii) the DESIGNATED CONFIDENTIAL INFORMATION was in existence during the period of the witness's service or employment; and (iii) the witness authored or

received the DESIGNATED CONFIDENTIAL INFORMATION, or had knowledge of the subject matter of the DESIGNATED CONFIDENTIAL INFORMATION, as demonstrated by the DESIGNATED CONFIDENTIAL INFORMATION itself or by foundation testimony during a deposition, hearing or trial, or otherwise only as permitted by the Court; and

(e) a party may examine, at a deposition, hearing or trial, persons who are not authorized to receive DESIGNATED CONFIDENTIAL INFORMATION under the terms of this Order, so long as such examination concerns DESIGNATED CONFIDENTIAL INFORMATION that the witness authored or previously had access to or knowledge of, as demonstrated by the DESIGNATED CONFIDENTIAL INFORMATION itself or by foundation testimony during a deposition, hearing or trial, or otherwise only as permitted by the Court. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of DESIGNATED CONFIDENTIAL INFORMATION.

13. Consistent with the other provisions of this Order, when a party's or third party's DESIGNATED CONFIDENTIAL INFORMATION is discussed or disclosed during a deposition, the party or third party may exclude any person not authorized under this Order to have access to the DESIGNATED CONFIDENTIAL INFORMATION from the deposition while the DESIGNATED CONFIDENTIAL INFORMATION is disclosed or discussed.

14. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of DESIGNATED CONFIDENTIAL INFORMATION, provided, however, that in rendering such advice the attorney shall not disclose to unauthorized persons DESIGNATED CONFIDENTIAL

INFORMATION received from another party or third party if such disclosure would be contrary to the provisions of this Order.

15.     A receiving party's acceptance of DESIGNATED CONFIDENTIAL INFORMATION from a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).     This Order shall not foreclose any party from moving for an order that DESIGNATED CONFIDENTIAL INFORMATION is not confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), or otherwise subject to protection from disclosure by the Court.   Prior to bringing such a motion, however, the receiving party shall first request in writing that the producing party change or remove its confidentiality designation.   If the producing party refuses to change its confidentiality designation within ten (10) business days, the receiving party may move for an order changing or removing the designation.   On such a motion, the producing party shall have the burden of proving that the DESIGNATED CONFIDENTIAL INFORMATION embodies, constitutes, contains, reveals, relates to, or reflects trade secrets, processes, operations, research, technical or developmental information or apparatus, production, marketing, sales, shipments, or other proprietary or confidential trade secret, technical, business, financial, or personnel information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or is otherwise subject to protection from disclosure by the Court.

16.     The disclosure and/or production of any information, document or tangible item without one of the designations provided by paragraph 2 of this Order shall not constitute a waiver of any claim of confidentiality.   Where such undesignated disclosure or production resulted from inadvertence or mistake on the part of the producing party, such inadvertence or mistake shall be brought to the attention of the receiving party promptly after its discovery at any

time.   Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the producing party shall provide properly designated documents and/or tangible items, if applicable.   Upon receipt of such notice and properly designated documents and/or tangible items, if applicable, the receiving party shall substitute properly designated copies for those previously received and treat the information contained in or derived from said replaced documents and/or tangible items as DESIGNATED CONFIDENTIAL INFORMATION, and the receiving party shall return to Outside Counsel for the producing party or third party all such previously undesignated information with all copies, or certify destruction thereof, within five calendar days after receiving the substitute copies.   Upon receipt of correction and notice, the receiving party shall honor the provisions of this Order and shall consider and treat as properly DESIGNATED CONFIDENTIAL INFORMATION the previously undesignated information. Under such circumstances, no receiving party shall have any obligation or liability due to any disclosure of the information which occurred before the receipt of correction and notice; provided, however, that any subsequent disclosure shall be in accordance with such corrected designation.

17.    Should any DESIGNATED CONFIDENTIAL INFORMATION be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall:   (a) use its best efforts to obtain the prompt return of any such DESIGNATED CONFIDENTIAL INFORMATION and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; and (c) request such person to sign an undertaking in the form of Exhibit A attached hereto.  If executed, the undertaking shall be served upon counsel of record for the producing party within three (3)

business days of its receipt by the receiving party.  The requirements set forth in this paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

18.     Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other applicable privilege or immunity.   A producing party may produce a redacted version of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "RP," "Redacted-Privileged," or a similar marking.

19.     Pursuant to Federal Rule of Evidence 502, if a producing party inadvertently or mistakenly produces information, documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure.   Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced.   The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from

keeping a copy of such information for sole the purpose of making a motion to compel production of the returned information within fifteen (15) business days of returning the inadvertent production.  The producing party shall retain copies of all returned documents and tangible items for further disposition.  Further, in the event that the receiving party discovers material it knows or reasonably should know to be inadvertently or unintentionally produced privileged information before it has been notified by the producing party, the receiving party must promptly notify, in writing, the producing party of the inadvertent or unintentional disclosure so that the producing party may take remedial action to withdraw the disclosure.

20.    If the discovery process calls for the production of information, documents or tangible items that a party cannot produce because its disclosure would breach an agreement with a third party to maintain such information in confidence, the producing party shall, no less than ten (10) business days before the date scheduled for production, give written notice to the third party that its information is subject to discovery in this Action and provide the third party with a copy of this Order.  At the same time such written notice is given to the third party, the producing party shall advise the putative receiving party of:  (a) the fact that such notice has been given; (b) the type of information being withheld; and (c) the name and address of the third party.  The requested information shall be produced unless the third party objects to production within thirty (30) calendar days of written notice.

21.    In the event that a producing party's DESIGNATED CONFIDENTIAL INFORMATION is sought from a receiving party by any person not a party to this litigation, by subpoena, by service with any legal process, by order, or otherwise, prompt written notice shall be given to the party who produced the DESIGNATED CONFIDENTIAL INFORMATION to allow this party to object to the production of such DESIGNATED CONFIDENTIAL

INFORMATION.  Such notice shall include a copy of such subpoena, legal process, or order, and shall be provided within two (2) business days of receipt of such subpoena, legal process, or order.  If the party that produced the DESIGNATED CONFIDENTIAL INFORMATION does not object to the disclosure of its DESIGNATED CONFIDENTIAL INFORMATION within the earlier of  ten (10) business days of receiving notice, or prior to the date of required compliance with the subpoena or other request, then the party to whom the referenced subpoena is directed may produce such documents in response thereto.  Any person seeking such DESIGNATED CONFIDENTIAL INFORMATION who takes action to enforce such subpoena or other legal process shall be apprised of this Protective Order by the party from whom the DESIGNATED CONFIDENTIAL INFORMATION is sought.  Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of DESIGNATED CONFIDENTIAL INFORMATION covered by this Protective Order, or to subject itself to penalties for non-compliance with any subpoena, legal process, or order.

22.    Other Proceedings.    By entering this order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another Action.  Any person or party subject to this order who becomes subject to a motion to disclose another party's DESIGNATED CONFIDENTIAL INFORMATION pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

23.    This Order shall not prevent any party from applying to the Court for further or additional protective orders, including an Order requiring a receiving party to provide access to

DESIGNATED CONFIDENTIAL INFORMATION to any person not entitled to such access under this Order.

24.     No party is responsible to another party for any use made of information that was produced and not designated as DESIGNATED CONFIDENTIAL INFORMATION, except to the extent a party is required to perform the duties set forth in paragraphs 16 and/or 19.

25.     This Order shall survive the termination of this Action (including any appeals).

26.     This Order shall govern the conduct of trial unless the parties agree otherwise in accordance with this paragraph.  Prior to the trial of this matter, the parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of DESIGNATED CONFIDENTIAL INFORMATION at trial, and they shall make such proposal no later than the final pre-trial conference in this Action.  If the parties are unable to reach agreement on this subject, each party may make its own submission to the Court no later than the final pre-trial conference.

27.     After final termination of this Action, including any appeals, outside counsel identified in paragraph 5(a) for a receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the Court, including any DESIGNATED CONFIDENTIAL INFORMATION contained therein.  Within thirty (60) days after final termination of this Action, including any appeals, all additional DESIGNATED CONFIDENTIAL INFORMATION of a producing party in the possession, custody or control of a receiving party – or in the possession, custody or control of any person allowed access to such information under paragraph 5 of this Order – must either be:  (a) returned to outside counsel for the producing party; or (b) destroyed and such destruction certified in writing to outside counsel for the producing party.

28.     No party shall be required to identify on its respective privilege log any document or communication dated on or after June 30, 2011 which, absent this provision, the party would have been obligated to so identify on said privilege log.

29.     The terms of this Protective Order are applicable to any third party who produces information.  If a third party produces information that a party in good faith believes to be its DESIGNATED CONFIDENTIAL INFORMATION, that party may designate the documents or other tangible things produced by such third party as DESIGNATED CONFIDENTIAL INFORMATION pursuant to this Protective Order.  A third party's use of this Protective Order to protect its DESIGNATED CONFIDENTIAL INFORMATION does not entitle that third party access to any DESIGNATED CONFIDENTIAL INFORMATION produced in this case.

30.     Nothing in this Protective Order prejudices the right of any party to oppose production of any information for lack of relevance, privilege, or any other ground.

31.     In the event that a new party is added or substituted, this Protective Order will be binding on the new party, subject to the right of the new party to seek relief from the Court for modification of this Protective Order.

**AGREED:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Avanir Pharmaceuticals, Inc.,
Avanir Holding Company and Center for
Neurologic Study*

RICHARDS, LAYTON & FINGER P.A.

*/s/ Steven J. Fineman*

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
cottrell@rlf.com
fineman@rlf.com

*Attorneys for Par Pharmaceutical, Inc. and
Par Pharmaceutical Companies, Inc.*

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)
300 Delaware Avenue
Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@proctorheyman.com

*Attorneys for Actavis South Atlantic LLC and
Actavis, Inc.*

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ Megan C. Haney*

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com

*Attorneys for Impax Laboratories, Inc.*

21

DUANE MORRIS LLP

*/s/ Matt Neiderman*

_____
Matt Neiderman (#4018)
Benjamin A. Smyth (#5528)
222 Delaware Avenue
Suite 1600
Wilmington, DE 19801
(302) 657-4900
mneiderman@duanemorris.com

*Attorneys for Wockhardt USA LLC
and Wockhardt Limited*

SO ORDERED this ___ day of _____, 2011

_____
THE HONORABLE LEONARD P. STARK
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AVANIR PHARMACEUTICALS, INC., AVANIR HOLDING COMPANY, and CENTER FOR NEUROLOGIC STUDY, <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS SOUTH ATLANTIC LLC and ACTAVIS, INC., et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. 11-704 (LPS) <br> CONSOLIDATED |

<u>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**</u>

I, _____, state that:

My home address is _____

_____.

My present employer is _____ and my present

work address is _____.

My present title, occupation or job description is _____

_____.

A copy of my curriculum vitae is attached hereto.

I have read and understand the provisions of the Stipulated Protective Order entered in

this action and I will comply with the provisions of that Stipulated Protective Order.  I consent to

be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.  I

will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective

NYI-4418685v1

Order any DESIGNATED CONFIDENTIAL INFORMATION, or any summaries, abstracts or indices of any DESIGNATED CONFIDENTIAL INFORMATION, that is disclosed to me or that I prepare.

Upon conclusion of the above-captioned Action, including appeal, I will return all DESIGNATED CONFIDENTIAL INFORMATION – and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto – in my possession to outside counsel for the party for whom I was employed, retained or acted as witness.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____      _____