IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AVANIR PHARMACEUTICALS, INC., :
AVANIR HOLDING COMPANY, AND :
CENTER FOR NEUROLOGIC STUDY, :
:
               Plaintiffs, :
:
       v. :
:
ACTAVIS SOUTH ATLANTIC LLC, :
ACTAVIS, INC., PAR PHARMACEUTICAL, :   C.A. No. 11-704-LPS
INC., PAR PHARMACEUTICAL :   (CONSOLIDATED)
COMPANIES, INC., IMPAX :
LABORATORIES, INC., WOCKHARDT, :
LTD., WOCKHARDT USA, LLC, WATSON :
PHARMACEUTICALS, INC., WATSON :
LABORATORIES, INC., AND WATSON :
PHARMA, INC., :
:
               Defendants. :

### ORDER

At Wilmington, this 3rd day of December 2012:

For the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that the claim language of U.S. Patent Nos. RE38,115 (the "'115 patent") and 7,659,282 (the "'282 patent") shall be construed as follows:

    1.    "A unit dosage formulation for treatment of chronic or intractable pain," as it appears in claim 18 of the '115 patent, is a preamble and not a claim limitation and does not require construction.

    2.    "A debrisoquin hydroxylase inhibitor," as it appears in claim 18 of the '115 patent, is construed to mean "a compound capable of inhibiting the oxidation of dextromethorphan by the liver enzyme debrisoquin hydroxylase, excluding cimetidine."

3. "Chronic pain," as it appears in claim 18 of the '115 patent, means "long-term pain resulting from conditions such as stroke, cancer and trauma, as well as neuropathic pain due to deterioration of nerve tissue such as postherpetic neuralgia (PHN) resulting from herpes zoster infection, and diabetic neuropathy resulting from long-time diabetes. The conditions are not an exclusive list."

4. "Intractable pain," as it appears in claim 18 of the '115 patent, means "pain which failed to respond adequately to conventional treatments."

5. "A combined dosage which renders the dextromethorphan therapeutically effective in substantially reducing chronic or intractable pain without causing unacceptable side effects," as it appears in claim 18 of the '115 patent, does not require construction. The plain and ordinary meaning will be used.

6. "A method for treating pseudobulbar affect or emotional lability," as it appears in claim 1 of the '282 patent, is construed to mean "a method for treating a neurological disorder characterized by intermittent spasmodic outbursts of emotion at inappropriate times or in the absence of any particular provocation."

7. "Dextromethorphan in combination with quinidine," as it appears in claim 1 of the '282 patent, is construed to mean "dextromethorphan and quinidine given in a combined dose, or in separate doses administered substantially simultaneously."

                                                                                                                                  _____
UNITED STATES DISTRICT JUDGE