IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVANIR PHARMACEUTICALS, INC., AVANIR HOLDING COMPANY, AND CENTER FOR NEUROLOGIC STUDY, :<br><br>Plaintiffs, :<br><br>v. :<br><br>ACTAVIS SOUTH ATLANTIC LLC, ACTAVIS, INC., PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., IMPAX LABORATORIES, INC., WOCKHARDT, LTD., WOCKHARDT USA, LLC, WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., AND WATSON PHARMA, INC., :<br><br>Defendants. : | C.A. No. 11-704-LPS<br>(CONSOLIDATED) |

## MEMORANDUM ORDER

Pending before the Court is Avanir Pharmaceuticals, Inc., Avanir Holding Company, and Center for Neurologic Study's (collectively, "Avanir" or "Plaintiffs") Emergency Motion to Stay the Date for Service of Plaintiffs' Responsive Expert Reports Pending Resolution of Plaintiffs' Motion to Strike Actavis South Atlantic LLC, Actavis, Inc., Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc., Impax Laboratories, Inc., Wockhardt, Ltd., Wockhardt USA, LLC, Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc.'s (collectively, "Defendants") Untimely Invalidity Contentions. (D.I. 315) For the reasons set forth below, the Court will GRANT Avanir's motion.

1. Defendants served their Joint Initial Invalidity Contentions on April 19, 2012. (D.I. 324 Ex. 1) Defendants served their First Amended Invalidity Contentions on June 20, 2012

and their Second Amended Invalidity Contentions on November 2, 2012. (*Id.* Ex. 2, 3) On February 1, 2013, Defendants served their Third Amended Invalidity Contentions. (*Id.* Ex. 4) Pursuant to the Scheduling Order (D.I. 32), opening expert reports were served on February 8, 2013 and rebuttal reports are due on March 26, 2013.

2. On March 1, 2013, Avanir filed two emergency motions: (1) the motion to stay currently before the Court; and (2) a motion to shorten the briefing schedule on Plaintiffs' motion to stay. (D.I. 315; D.I. 316) On March 7, 2013, the Court granted Plaintiffs' motion to shorten the briefing schedule. (D.I. 323)

3. On March 5, 2013, at the request of the parties, the Court scheduled a teleconference for April 5, 2013 to address Plaintiffs' pending motion to strike. (D.I. 318; *see also* D.I. 322)

4. Generally, in deciding a motion to stay, the Court considers three factors: "(1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set." *Cephalon, Inc. v. Impax Labs., Inc.*, 2012 WL 3867568, at *2 (D. Del. Sept. 6, 2012). Granting or denying a motion to stay is within the broad discretionary powers of the court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)).

5. Defendants' only allegation of prejudice is that the requested stay would result in "a unilateral extension of the[] deadlines" applicable to Plaintiffs. (D.I. 324 at 3) However, Plaintiffs are willing to extend the time for service of Defendants' reply briefs by the same

2

amount of extension Plaintiffs receive for service of their own responsive reports. (D.I. 315 at 5) Moreover, the Court will stay service of all expert reports until after resolution of the motion to strike. The remaining stay factors are essentially neutral as the stay itself is unlikely to simplify or complicate the issues for trial and is also unlikely to affect the trial date. (D.I. 315 at 5; D.I. 324 at 3)

6. The Court further finds good cause for a stay. *See* Fed. R. Civ. P. 16(b)(4). Under the circumstances here, Plaintiffs would be unfairly prejudiced by having to prepare and serve responsive expert reports while their motion to strike is pending, as they would not know whether it is necessary to respond to all of the opinions expressed in Defendants' expert reports.

Accordingly, IT IS HEREBY ORDERED THAT:

A. Avanir's Emergency Motion to Stay the Date for Service of Plaintiffs' Responsive Expert Reports Pending Resolution of Plaintiffs' Motion to Strike Defendants' Untimely Invalidity Contentions (D.I. 315) is GRANTED.

B. All parties' obligations under the scheduling order to serve expert reports are STAYED until after the Court resolves the pending motion to strike.

March 19, 2013  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE