# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MARYELLEN NOREIKA
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

February 24, 2014 - Original Filing Date
March 4, 2014 - Redacted Filing Date

**CONFIDENTIAL – FILED UNDER SEAL**

The Honorable Leonard P. Stark  *VIA ELECTRONIC FILING*
United States District Court
 For the District of Delaware
822 North King Street
Wilmington, DE 19801

Re:  *Avanir Pharms., Inc., et al. v. Actavis South Atlantic LLC, et al.*,
 C.A. No. 11-704 (LPS) (Consolidated) (D. Del.)

Dear Judge Stark:

This firm, together with Quinn Emanuel Urquhart & Sullivan LLP, represents Plaintiffs Avanir Pharmaceuticals, Inc., Avanir Holding Co., and Center for Neurologic Study in the above-captioned action. We, along with counsel for Defendants Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc., and Impax Labs., Inc., write further to Your Honor's request for a follow-up letter regarding the issues discussed during the February 21, 2014 teleconference.

Plaintiffs' Position: [REDACTED] Plaintiffs respectfully request that Your Honor revisit Plaintiffs' December 18, 2013 submission regarding the expiration of Par's thirty-month stay. *See* D.I. 460. Given that the FDA is now free to approve Par's generic Nuedexta® product at any time, a substantial possibility exists that Par will be in a position to launch their generic product prior to the issuance of this Court's decision— [REDACTED] Plaintiffs would be irreparably harmed by such a launch, and seek to move for an Order enjoining any such launch prior to the issuance of the

Court's decision.[1] Plaintiffs respectfully request a teleconference to discuss the timing and logistics of such a motion.

<u>Defendants' position</u>: ████████████████████████████████
████████████████████████████████████

As for Plaintiffs' request that Your Honor revisit their December 18, 2013 submission regarding Par's thirty-month stay, Par will be available if the Court wishes to hold a teleconference. Furthermore, if the Court decides to issue a preliminary injunction, Par respectfully requests that the Court require Plaintiffs to post an appropriate bond to cover Par's lost profits while Par is enjoined from launching its product, and Par ultimately prevails on the merits.

Respectfully,

/s/ *Maryellen Noreika*

Maryellen Noreika (#3208)

MN/dlw
cc: Clerk of Court (Via Hand Delivery)
All Counsel of Record (Via Electronic Mail)

---

[1] While Plaintiffs believe that Impax is likely blocked from launching their product until 180 days after Par launches, such a motion would include Impax as well, out of an abundance of caution.