IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVANIR PHARMACEUTICALS, INC., AVANIR HOLDING COMPANY, and CENTER FOR NEUROLOGIC STUDY,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ACTAVIS SOUTH ATLANTIC LLC, ACTAVIS LLC, PAR PHARMACEUTICAL, INC., PHARMACEUTICAL COMPANIES, INC., IMPAX LABORATORIES, INC., WOCKHARDT, LTD., WOCKHARDT USA, LLC, WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., and WATSON PHARMA INC.,<br><br>　　　　　　　Defendants. | C.A. No. 11-704-LPS<br>(CONSOLIDATED) |

**[PROPOSED] FINAL JUDGMENT ORDER**

This action, having come to trial before the Court, Honorable Leonard P. Stark, District Judge presiding, the issues having been heard and a decision having been rendered:

**IT IS HEREBY ORDERED AND ADJUDGED** this __ day of May, 2014, for the reasons set forth in the Court's Memorandum Opinion dated April 30, 2014 that:

1.  Judgment shall be entered in favor of Plaintiff Avanir Pharmaceuticals, Inc. ("Avanir") and against Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together, "Par") on Avanir's count in the Complaint of Avanir Pharmaceuticals, Inc., Avanir Holding Company, and Center for Neurologic Study (collectively, "Plaintiffs") for Patent Infringement dated August 10, 2011 (C.A. No. 11-705, D.I. 1, Count I), that by submitting Abbreviated New Drug Application ("ANDA") No. 202-993, Par has infringed, and if commercially manufactured, used, marketed, sold or offered for sale within the

U.S. or imported herein would infringe, claims 1-9 of U.S. Patent No. 7,659,282 (the "'282 patent").

2. Judgment shall be entered in favor of Avanir and against Par on Par's counterclaims set forth in its Answer and Counterclaims dated September 6, 2011 (C.A. No. 11-705, D.I. 10), alleging noninfringement and invalidity of claims 1-9 of the '282 patent.

3. Judgment shall be entered in favor of Avanir and against Par on Avanir's count in Plaintiffs' Complaint for Patent Infringement dated September 12, 2012 (C.A. 12-1123, D.I. 1, Count I), that by submitting ANDA No. 202-993, Par has infringed, and if commercially manufactured, used, marketed, sold or offered for sale within the U.S. or imported herein would infringe, claims 1-9, 12, 13, 15 and 17 of U.S. Patent No. 8,227,484 (the "'484 patent").

4. Judgment shall be entered in favor of Avanir and against Par on Par's counterclaims set forth in its Answer and Counterclaims dated September 25, 2012 (C.A. No. 12-1123, D.I. 8), alleging noninfringement and invalidity of claims 1-9, 12, 13, 15 and 17 of the '484 patent.

5. Judgment shall be entered in favor of Par and against Plaintiffs on Count II of Plaintiffs' Complaint for Patent Infringement dated August 10, 2011 (C.A. No. 11-705, D.I. 1) and Par's counterclaim set forth in its Answer and Counterclaims dated September 6, 2011 (C.A. No. 11-705, D.I. 10), that by submitting ANDA No. 202-993 Par has not infringed, and if commercially manufactured, used, marketed, sold or offered for sale within the U.S. or imported herein would not infringe claims 18-21 of U.S. Patent No. RE38,115 (the "'115 patent").

6. Judgment shall be entered in favor of Plaintiffs and against Par on Par's counterclaim set forth in its Answer and Counterclaims dated September 6, 2011 (C.A. No. 11-705, D.I. 10), alleging invalidity of claims 18-21 of the '115 patent.

7. Pursuant to 35 U.S.C. § 271(e)(4)(A), the Food and Drug Administration ("FDA") is ordered to make the effective date of any approval of Par's ANDA No. 202-993 to be a date that is not earlier than the latest date of expiration of the '282 and '484 patents (August 13, 2026), including any periods of regulatory exclusivity associated with the '282 and '484 patents authorized by the FDA, such as pediatric exclusivity under 21 U.S.C. § 355a, except to the extent subsequently agreed between Plaintiffs and Par.

8. Pursuant to 35 U.S.C. § 271(e)(4)(B), Par and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment Order by personal service or otherwise, are hereby permanently enjoined from manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, Par's proposed dextromethorphan/quinidine product described in ANDA No. 202-993 during the terms of the '282 and '484 patents, except to the extent permitted under agreement between Plaintiffs and Par. This permanent injunction order is effective as of the Court's April 30, 2014 Opinion.

9. Par does not waive any rights to appeal any portion of this final judgment.

10. Judgment shall be entered in favor of Avanir and against Defendant Impax Laboratories, Inc. ("Impax") on Avanir's count in Plaintiffs' Complaint for Patent Infringement dated August 29, 2011 (C.A. No. 11-757, D.I. 1, Count I), that by submitting ANDA No. 203-061, Impax has infringed, and if commercially manufactured, used, marketed, sold or offered for sale within the U.S. or imported herein would infringe, claims 1-9 of the '282 patent.

11. Judgment shall be entered in favor of Avanir and against Impax on Impax's counterclaims set forth in its Answer and Counterclaims dated November 18, 2011

(C.A. No. 11-704, D.I. 36, Counts I and III), alleging noninfringement and invalidity of claims 1-9 of the '282 patent.

12. Judgment shall be entered in favor of Avanir and against Impax on Avanir's count in Plaintiffs' Complaint for Patent Infringement dated October 8, 2012 (C.A. 12-1298, D.I. 1, Count I), that by submitting ANDA No. 203-061, Impax has infringed, and if commercially manufactured, used, marketed, sold or offered for sale within the U.S. or imported herein would infringe, claims 1-9, 12, 13, 15 and 17 of the '484 patent.

13. Judgment shall be entered in favor of Avanir and against Impax on Impax's counterclaims set forth in its Answer and Counterclaims dated October 10, 2012 (C.A. No. 12-1298, D.I. 7, Counts I and II), alleging noninfringement and invalidity of claims 1-9, 12, 13, 15 and 17 of the '484 patent.

14. Judgment shall be entered in favor of Impax and against Plaintiffs on Count II of Plaintiffs' Complaint for Patent Infringement dated August 29, 2011 (C.A. No. 11-757, D.I. 1) and Impax's counterclaim set forth in its Answer and Counterclaims dated November 18, 2011 (C.A. 11-704, D.I. 36, Count II), that by submitting ANDA No. 203-061, Impax has not infringed, and if commercially manufactured, used, marketed, sold or offered for sale within the U.S. or imported herein would not infringe claims 18-21 of the '115 patent.

15. Judgment shall be entered in favor of Plaintiffs and against Impax on Impax's counterclaim set forth in its Answer and Counterclaims dated November 18, 2011 (C.A. No. 11-704, D.I. 36, Counts IV), alleging invalidity of claims 18-21 of the '115 patent.

16. Pursuant to 35 U.S.C. § 271(e)(4)(A), the FDA is ordered to make the effective date of any approval of Impax's ANDA No. 203-061 to be a date that is not earlier than the latest date of expiration of the '282 and '484 patents (August 13, 2026), including any

periods of regulatory exclusivity associated with the '282 and '484 patents authorized by the FDA, such as pediatric exclusivity under 21 U.S.C. § 355a, except to the extent subsequently agreed between Plaintiffs and Impax.

17.  Pursuant to 35 U.S.C. § 271(e)(4)(B), Impax and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Final Judgment Order by personal service or otherwise, are hereby permanently enjoined from manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, Impax's proposed dextromethorphan/quinidine product described in ANDA No. 203-061 during the terms of the '282 and '484 patents, except to the extent permitted under agreement between Plaintiffs and Impax.  This permanent injunction order is effective as of the Court's April 30, 2014 Opinion.

18.  Impax does not waive any rights to appeal any portion of this final judgment.

_____                            _____
DATE                                          UNITED STATES DISTRICT JUDGE